IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFF C. AIDNIK,

        Plaintiff,                  No. CIV S-09-0154 FCD KJM P

    vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND
REHABILITATION, et al.

        Defendants.            FINDINGS AND RECOMMENDATIONS

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. He alleges that, as the result of hernia surgery done by defendant Athanassious, his right testicle has fallen, he has been unable to achieve an erection, and has lost feeling in part of his right leg. Complaint (Compl.) at 5.[1] Defendant has filed a motion for summary judgment.

/////

/////

/////

---

[1] The court relies on the pagination assigned by its ECF system.

I. <u>Summary Judgment Standards</u>

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

> Under summary judgment practice, the moving party
> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

<u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"  <u>Id.</u>  Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  <u>See id.</u> at 322.  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  <u>Id.</u>  In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied."  <u>Id.</u> at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  <u>See</u> <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986).  In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the

dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

On July 15, 2009, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

II. Preliminary Matters

Despite this court's Rand notice, plaintiff has submitted a collection of unauthenticated documents–"144 pgs of evidence"– in no particular order and without any attempt to explain how the documents demonstrate the existence of disputed issues of material fact. See Docket No. 37 at 1.[2]

Because many of the documents plaintiff submits are medical records, which defendant has also submitted and to which defendant does not object, the court will consider this subset of documents. Defendant's objection to the medical documents on grounds of lack of authentication is unavailing. Fryman v. Traquina, 2009 WL 113590 at *11 n.5 (E.D. Cal. 2009) (court will consider unauthenticated records when "it cannot reasonably be disputed that the records in question are plaintiff's medical records from his prison file," or that "they are created and maintained by prison officials"); see also Fed. R. Evid. 901(4) (authentication by distinctive characteristics); but see Canada v. Blain's Helicopters, Inc., 831 F.2d 920, 925 (9th Cir. 1987) (unauthenticated documents cannot be used to oppose a motion for summary judgment).

The court will not consider plaintiff's other documents that are not relevant or authenticated or are otherwise inadmissible, including letters from the Prison Law Office, see, e.g., Opp'n (Docket No. 37) at 2, 9, or memos from the Division of Correctional Health Care Services, id. at 10-12.

In his opposition, plaintiff also complains that he waited a year for hernia surgery and since his surgery has filed several grievances complaining of the pain and asking to see an

---

[2] Plaintiff called this document "Motion To: Proceed with gooed [sic] Cause and Proof," which the court construes to be his opposition to the motion for summary judgment.

4

outside doctor. Plaintiff cannot use his opposition to a motion for summary judgment, filed long after the answers were filed in this case, as a vehicle to amend his complaint to raise additional claims. Cowen v. Bank United of Texas, 70 F.3d 937, 944 (7th Cir. 1995). Moreover, he has made no attempt to tie defendant to any pre- or post-operative delays. Accordingly, the court also will not consider those grievances relating to plaintiff's request to see an outside doctor after the surgery at issue in this case, his dissatisfaction with the information he received from the outside urologist, or medical records, such as logs of medication, generated two years after the surgery in question. See Opp'n (Docket No. 37) at 14-31, 54-61.

III. Facts

Despite hernia repair surgery in 2002 or 2003, by 2008 plaintiff complained that the hernia site "hurt like hell" with pain judged to be an "eight" on a scale of one to ten. Motion For Summary Judgment (MSJ), Declaration of Nabil Athanassious (Athanassious Decl.) ¶¶ 1-2 & Ex. A at 1[3]; Compl. at 5; Opp'n (Docket No. 37) at 72 ("very severe pain" when admitted to hospital for surgery in 2008). Plaintiff was seen by defendant, a surgeon and urologist, who recommended surgical repair, which is the appropriate medical treatment for a recurrent inguinal hernia. Athanassious Decl. ¶ 2 & Ex. A at 2; MSJ, Declaration of Peter Leoni, M.D. (Leoni Decl.) ¶ 3. Surgery was scheduled for March 26, 2008. Opp'n (Docket No. 37-1) at 54.

Before surgery, defendant told plaintiff the "risks, benefits, alternatives, and complications, with emphasis on bleeding, infection, recurrence, and anesthesia complications, as well as no guarantees that the pain will go away if it was due to injury of the inguinal nerve in the previous surgery." Athanassious Decl. ¶ 3 & Ex. A at 6; Opp'n (Docket No. 37-1) at 50. Plaintiff signed a consent form for the surgery. Opp'n (Docket No. 37-1) at 52.[4]

---

[3] The court relies on the Bates-stamped numbers on documents included in Exhibit A.

[4] In his opposition, plaintiff says defendant did not advise him of any potential long term problems from the surgery. Opp'n at 1. This statement is not submitted under penalty of perjury. Even if it was, however, "[a] conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact." F.T.C. v.

5

        Before plaintiff's discharge from the hospital on April 2, 2008, the nursing staff noted that plaintiff's complaints of pain ranged from mild pain to severe pain and that the surgical wound was healing well. Opp'n (Docket No. 37) at 77-79; Opp'n (Docket No. 37-1) at 38. On March 30, 2008, plaintiff reported he had pain in his right groin and testes "sometimes." Opp'n (Docket No. 37) at 79; Athanassious Decl. ¶ 4 & Ex. A at 11-12, 21. Before plaintiff's discharge, Dr. Frank Long examined plaintiff and recorded that there was no edema in his testes and his scrotum was normal. Athanassious Decl. ¶ 5, Ex. A at 22; Leoni Decl. ¶ 7. Plaintiff was discharged from the hospital with a prescription for pain medication. Athanassious Decl. ¶ 5, Ex. A at 22; Opp'n (Docket No. 37-1) at 60.

        On April 4, 2008, plaintiff returned to the clinic complaining of pain, swelling, painful urination and blood in his urine. Athanassious Decl. ¶ 6 & Ex. A at 23-24. Nurse Practitioner Williams and Dr. Long noted that plaintiff was not running a fever and noted no scrotal edema. Id. Williams increased plaintiff's Methadone dosage. Id.

        Plaintiff continued to seek medical care, complaining about pain, the lack of feeling in his right testicle, erectile dysfunction, and blood in his urine. Id. ¶ 7 & Ex. A at 25-27. During a visit on April 10, 2008, plaintiff was told it was not uncommon to have pain and sensory problems following a subsequent hernia repair. Id. ¶ 7 & Ex. A at 27. A urine culture from April 15, 2008, did not reveal any blood in plaintiff's urine. Id. ¶ 7 & Ex. A at 28.

/////

/////

/////

---

Publishing Clearing House, Inc., 104 F.3d 1168, 1171 (9th Cir. 1997). In this case, not only is the statement not supported, it is flatly contradicted by exhibits submitted by plaintiff as well as defendant. Accordingly, the court will not rely on this statement in resolving the motion for summary judgment. See Scott v. Harris, 550 U.S. 372, 380-81 (2007). Moreover, it does not appear that failing to obtain informed consent rises to the level of an Eighth Amendment violation. Rochell v. Correctional Medical Services, 2006 WL 1422988, at *4 (N.D. Miss. 2006).

Defendant saw plaintiff again on April 17, 2008. Athanassious Decl. ¶ 8. Plaintiff was very angry and complained of pain and inability to achieve an erection. Id. Athanassious found plaintiff's genitalia to be normal, added some pain medication and referred plaintiff for pain management. Id. & Ex. A at 30.

In May 2008, plaintiff complained of a tearing feeling between his testicles when he coughed and also of the droopiness of his right testicle. MSJ, Ex. A at 31-32. He saw defendant on May 29, 2008, but refused to let the doctor examine him. Athanassious Decl. ¶ 9; Compl. at 5.

An ultrasound in June 2008, showed no recurrence of the hernia and no abnormal masses or fluid collection. Athanassious Decl. ¶ 10 & Ex. A at 36.

Thereafter, plaintiff refused to see defendant. Reply, Ex. A at 391, 399, 416, 419, 421, 422, 428, 472, 473.

Plaintiff's complaint that his right testicle was lower than the left is not a cause for medical concern, as it is not abnormal. Pain and numbness in the leg are normal after hernia surgery. Erectile dysfunction is not a typical result of hernia surgery unless the testes are removed or surgically destroyed. Leoni Decl. ¶ 6; Athanassious Decl. ¶ 12.

IV. Analysis

In Estelle v. Gamble, 429 U.S. 97, 106 (1976), the Supreme Court held that inadequate medical care did not constitute cruel and unusual punishment cognizable under section 1983 unless the mistreatment rose to the level of "deliberate indifference" to serious medical needs.

> In the Ninth Circuit, the test for deliberate indifference consists of two parts. First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This second prong-defendant's response to the need was deliberately indifferent-is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm

>caused by the indifference. Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.

Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations & quotations omitted); see also McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled in part on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997).

A medical need is serious if failure to treat the condition could cause further significant injury or the unnecessary and wanton infliction of pain. McGuckin, 974 F.2d at 1059.

>The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment

Id. at 1060.

A showing of merely inadvertent or even negligent medical care is not enough to establish a constitutional violation. Estelle, 429 U.S. at 105-06; Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998). A difference of opinion about the proper course of treatment is not deliberate indifference nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation. See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Plaintiff attributes his fallen testicle and erectile problems to the March 2008 surgery to repair his inguinal hernia. Although he has presented pages of his medical records, he has not pinpointed any particular pages or presented any medical opinion tying the surgery to the changes in his testicle or his inability to achieve an erection. He does not otherwise contradict the declarations from Drs. Leoni and Athanassious, who maintain that the lowered testicle is simply a matter of human variation and the erectile dysfunction could not be the result of the

hernia surgery. Thus there is no disputed issue of material fact on the question of whether defendant was deliberately indifferent to plaintiff's serious medical needs, for there is no disputed evidence on the question of causation. <u>Arnold v. International Business Machines Corporation</u>, 637 F.2d 1350, 1355 (9th Cir. 1981) (civil rights action must be based on proximate or legal causation).

Plaintiff also alleges he has lost feeling in parts of his right leg. Defendant's evidence shows, however, that this is a typical result of hernia surgery rather than an indication that defendant acted with deliberate indifference during the surgical procedure. Plaintiff has presented nothing demonstrating the existence of a disputed issue of fact on this question.

If the complaint can be read as arguing that defendant's failure to treat the erectile dysfunction violated plaintiff's Eighth Amendment rights, plaintiff nevertheless cannot prevail, for he has not established that erectile dysfunction constitutes a serious medical need within Eighth Amendment jurisprudence. <u>Neal v. Suliene</u>, 2008 WL 4167930, at *3 (W.D. Wis. 2008) (erectile dysfunction does not constitute serious medical need because it is not life threatening nor does it result in needless pain and suffering).

Finally, if the complaint can be read as alleging that defendant failed to treat plaintiff's post-surgical pain, plaintiff still cannot defeat summary judgment. The medical records submitted by defendant and by plaintiff as well show that defendant prescribed pain medication after surgery and during his post-surgical consultation and that ultimately plaintiff refused to see defendant. Any failure to prescribe additional pain medication cannot be attributable to a doctor plaintiff refused to consult.

IT IS HEREBY RECOMMENDED that defendant's motion for summary judgment (docket no. 34) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written

1 objections with the court and serve a copy on all parties.  Such a document should be captioned
2 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
3 shall be served and filed within fourteen days after service of the objections.  The parties are
4 advised that failure to file objections within the specified time may waive the right to appeal the
5 District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  December 3, 2010.

/s/ Gregory G. Hollows
_____
U.S. MAGISTRATE JUDGE

2/aidn0154.57